RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE 07, 20, 05
BY ___

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| STACEY CARTER | DOCKET NO. 1:05 CV 0765 |
| | SECTION P |
| VS. | JUDGE DRELL |
| TIM WILKINSON, ET AL. | MAGISTRATE JUDGE KIRK |

**PARTIAL REPORT AND RECOMMENDATION**

Before the Court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by *pro se* Plaintiff, **STACEY CARTER**, ("Plaintiff"). Plaintiff was granted permission to proceed *in forma pauperis* on May 11, 2005. [Rec. Doc. 3].

Plaintiff is currently incarcerated at the Winn Correctional Center ("WCC") in Winnfield, Louisiana. Named as defendants are: Tim Wilkinson, Corrections Corporation of America, and the Department of Corrections.

Plaintiff is disabled and confined to a wheel chair. [Doc. 1-1, p. 4-5]. On April 29, 2004, he fell when attempting to cross a threshold. [Rec. Doc. 1 p. 5]. Plaintiff was injured, sustaining a broken hip and a back injury as a result of the fall. Plaintiff asserts that the threshold does not comply with Americans with Disability Act ("A.D.A.") guidelines. [Rec. Doc. 1-3 p.14]

Plaintiff seeks monetary damages and punitive damages as relief. [Rec. Doc. 1-1, p.5].

1

The instant matter was referred to the undersigned Magistrate Judge for review, report and recommendation in accordance with 28 U.S.C. §636 and a standing order of this Court.

## I. **FRIVOLITY REVIEW**:

Plaintiff is proceeding *in forma pauperis* in this action; Therefore, the complaint is subject to the screening provisions mandated by 28 U.S.C. § 1915(e). This section mandates the *sua sponte* dismissal of an action at anytime before responsive pleadings are filed, if the Court finds that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See*, 28 U.S.C. §§1915(e)(B)(i)-(iii); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990); Green v. Mckaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). In performing this screening function, the court be cognizant of it's duty to hold *pro se* complaints to less stringent standards than formal pleadings drafted by an attorney. Courts are to liberally construe such complaints when determining whether a cause of action exists. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(*per curiam*).

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly

2

baseless. <u>Neiztke v. Williams</u>, 490 U.S. 319, 327,109 S.Ct. 1827, 104 L.Ed.2d. 358 (1989). A complaint is frivolous if it lacks an arguable basis in law (i.e. it is based upon a undisputably meritless legal theory) or in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). <u>Hicks v. Garner</u>, 69 F.3d 22, 25 (5th Cir. 1995); <u>Booker v. Koonce</u>, 2 F.3d 114, 115 (5th Cir. 1993). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. <u>Smith v. Winter</u>, 782 F.2d 508, 511-12 (5th Cir. 1986).

When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. <u>Horton v. Cockrell</u>, 70 F.3d 397,400 (5th Cir. 1996).

After review of Plaintiff's complaint, the undersigned recommends that defendant Louisiana Department of Corrections be dismissed with prejudice from the instant action.

## LOUISIANA DEPARTMENT OF CORRECTIONS

### 11th AMENDMENT IMMUNITY

Plaintiff's claim against the Louisiana Department of Public Safety and Corrections is barred by the Eleventh Amendment to the United States Constitution, which proscribes that States are immune from suit for damages in federal court by citizens of the State, as

well as citizens of other states, unless the state consents to suit. Edelman v. Jordan, 415 U.S. 651, 662-63, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974). Even where the state is itself not named as a party to the suit, if the action is, in essence, a suit against the State, the action is barred under the Eleventh Amendment. Id. at 663.

Accordingly, the Eleventh Amendment has been interpreted to not only bar suits brought in federal court against the States, but also their alter egos. Voisin's Oyster house v. Guidry, 799 F.2d 183, 185 (5th Cir. 1986). In deciphering whether an entity is covered by the Eleventh Amendment's Immunity provision, the United States Fifth Circuit Courts of Appeal analyzes the following six factors based on the entity's: (1) status under state statutes and case law, (2) funding, (3) local autonomy, (4) concern with local or statewide problems, and (5) ability to hold and use property. Husdson v. City of New Orleans, 174 F.3d 677, 681 (5th Cir. 1999). In Champagne v. Jefferson Parish Sherrif's Office, et al., 188 F.3d 312 (5th Cir. 1999), the United States Fifth Circuit Court of Appeals, utilizing the preceding factors, held that the Louisiana Department of Public Safety and Corrections is protected by the Eleventh Amendment's immunity umbrella.

Congress has not annulled the States's Eleventh Amendment Immunity in § 1983 actions. Quern v. Jordan, 440 U.S. 445, 456, 99 S.Ct. 1139, 39 L.Ed.2d 358 (1979). Therefore, the only way by which

the plaintiff may seek monetary damages against the State, or in this action an alter ego of the State, is if the State of Louisiana, by the most express language or by overwhelming implication, consents to being sued in federal court. see Ex Parte Young, 209 U.S. 123, 28 S.Ct. 241, 52 L.Ed. 714 (1908); Edelman, 415 U.S. at 673; Brennan v. Stewart, 834 F. 2d 1284, 1251-53 (5th Cir. 1988). To the contrary, Louisiana has expressly refused to consent to waiving its Eleventh Amendment Immunity. See La.Rev.Stat.Ann. 13:5106; Delahoussaye v. City of New Iberia, 937 F.2d 144, 147 (5th Cir. 1991).

Consequently, Plaintiff's claims against the Louisiana Department of Corrections and the State of Louisiana should be dismissed *sua sponte* as this Court has determined that Plaintiff "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(iii).

**ACCORDINGLY,**

**IT IS RECOMMENDED** that all claims against the Louisiana Department of Corrections be **dismissed with prejudice** pursuant to 28 U.S.C.§ 1915(e)(2)(B)(iii) seeking monetary relief against a defendant who is immune from such relief .

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims for civil rights violations against defendants Tim Wilkinson and Corrections Corporation of America **be served** in accordance with the Court's orders.

## OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have **ten (10) calender days** from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objections or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations reflected in this report and recommendation within ten (10) business days following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the District Judge and that were not objected to by the aforementioned party, except upon grounds of plain error.**[1]

---

[1] See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THIS DONE AND SIGNED** in Alexandria, Louisiana on this _____ day of _____, 2005.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE